IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| KENNETH ROBERT SMITH, § <br> Institutional ID No. 02324588 § <br> Previous ID No. 2019082598 § <br> § <br> Plaintiff, § <br> § Civil Action No. 1:19-CV-00202-BU <br> v. § <br> § <br> MARVIN PATTERSON, § <br> § <br> Defendant. § | |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was transferred to the undersigned United States magistrate judge by Order dated November 5, 2019. Dkt. No. 11. In accordance with the mandate of the transfer order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that pro se Plaintiff Kenneth Robert Smith's claim for excessive force in violation of the Fourth Amendment against Defendant Marvin Patterson survived preliminary screening.[1] Consequently, the Court entered an order requiring Patterson to answer or otherwise plead to Smith's claim. Order for Service, Dkt. No. 24. Patterson filed his Answer on November 2, 2020. Dkt. No. 28. As of the date of this order, all parties have not consented to the jurisdiction

---

[1] In his Complaint, Smith advances a claim for excessive force against "Taylor County Sheriff's Office Narcotics Task Force." *See* Dkt. No. 1 at 3. However, through the January 23, 2020 evidentiary hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), the undersigned determined that Smith sought to bring his claim for excessive force against an individual officer on the task force, namely an Agent Marvin Patterson. Dkt. No. 14. Shortly after the *Spears* hearing, a copy of the dash camera video showing Smith's arrest was forwarded to the Court. The undersigned subsequently ordered Taylor County Sheriff Ricky Bishop to undertake a review of the subject matter of Smith's complaint and prepare a written report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) for the limited purpose of identifying the officers seen in the dash camera video effecting the physical arrest of Smith. Dkt. No. 20. Sheriff Bishop filed a *Martinez Report* on July 22, 2020, identifying Marvin Patterson as one of three officers responsible for effecting Smith's physical arrest. Dkt. No. 22.

The undersigned entered an Order for Service directing an answer to Smith's claim in the above-styled action. Dkt. No. 24. In that order, the undersigned construed Smith's claim for excessive force to be made against Agent Marvin Patterson and not the "Taylor County Sheriff's Office Narcotics Task Force" or against Taylor County. *See id.* at 4–5.

by the magistrate judge. Upon review of Patterson's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

## I.   DISCUSSION

Smith's excessive force claim arises under the Fourth Amendment of the United States Constitution. The Fourth Amendment protects individuals from excessive force during an arrest or other seizure. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To state a claim for excessive force against a police officer, a plaintiff must demonstrate "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (citing *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)). In determining whether the excessiveness was clearly unreasonable, a court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Here, Smith alleges that Patterson used excessive force against him during Smith's arrest in Abilene, Texas on February 28, 2019. Dkt. No. 1 at 3–4. Smith testified at the evidentiary hearing that, in the moments prior to his arrest and at the conclusion of a vehicle pursuit, he briefly fled on foot from law enforcement officers through an open dirt field. *Spears* Hearing, Tr. 2:17:04–12:17:52 (Dkt. No. 14). While fleeing on foot, Smith claimed that he "put [his] arms out like an airplane" to show the pursuing officers that he "was not armed" and waited for them to take him down to the ground. *Id*. at 2:19:01–2:19:09. Law enforcement officers quickly caught up to Smith, took him to the ground, and handcuffed him. *Id*. at 2:19:43–2:21:22. Smith testified that he "did not resist at all" being placed in handcuffs. *Id*. at 2:19:49–2:19:53.

Immediately following his apprehension, as officers brought Smith to his feet from the prone position on the ground, Smith claims that Patterson "purposely shoved" Smith's face down "into the ground with such force" that it "ruptured [Smith's] left eye in its socket." Dkt. No. 1 at

2

4; *see also Spears* Hearing, Tr. 2:22:30–2:23:07. Smith testified that he "saw a white flash" and lost consciousness when his face hit the ground, regaining consciousness moments later in the back of a police car with "blood dripping down" his face. *Spears* Hearing, Tr 2:24:33–2:25:00. As a result of his injury, Smith asserts that he had two surgeries on his left eye, but that he now suffers from total vision loss and retains only the ability to see "colors" through the injured eye. *Id*. at 3:05:32–3:05:51.

At this stage of the proceedings, Smith's allegations, taken as true, sufficiently state a claim for excessive force under the Fourth Amendment against Defendant Patterson. Nothing in this Report and Recommendation or the Order requiring Patterson to answer constitutes an opinion as to the lawfulness of Patterson's actions or an adverse finding as to his conduct.

Accordingly, it is the **RECOMMENDATION** of the undersigned magistrate judge that a scheduling order should be entered.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:19-CV-00202-H.[2]

## II.   RIGHT TO OBJECT

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed

---

[2] In addition, because the undersigned construed Smith's claim for excessive force to be against Marvin Patterson and dismissed with prejudice Smith's claim for deliberate indifference against Taylor County Detention Center (*see* Dkt. No. 24), the caption of this case shall be changed to *Kenneth Robert Smith v. Marvin Patterson*.

3

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

  IT IS SO ORDERED this 3rd day of December, 2020.

                _____
                JOHN R. PARKER
                UNITED STATES MAGISTRATE JUDGE